IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENNIS CASIANO #R72967,       )
                              )
            Plaintiff,        )
                              )
     v.                       )   No. 13 C 2722
                              )
TOM DART, et al.,             )
                              )
            Defendants.       )

## MEMORANDUM ORDER

Because the pro se 42 U.S.C. §1983 ("Section 1983") Complaint that had been filed by Dennis Casiano ("Casiano") stated a facially viable claim for deliberate indifference to his serious medical needs,[1] this Court's April 16, 2013 memorandum order ("Order") promptly designated a member of this District Court's trial bar to represent Casiano on a pro bono publico basis and contemporaneously issued its customary scheduling order--all in advance of being able to make the calculation called for by 28 U.S.C. §1915 ("Section 1915") to address Casiano's In Forma Pauperis Application ("Application"). For the latter purpose this Court transmitted a copy of the Order to the fiscal personnel at County Jail with a direction "to transmit promptly to this Court's chambers a printout of all transactions in Casiano's trust fund account there for the period from February 1, 2013 through the current date."

---

[1] This Court has not of course made any factual findings in that respect. Instead it has credited Casiano's allegations, as it was required to do for threshold ruling purposes.

Although for some unknown reason it took fully six months for that "promptly" directive to be complied with, this Court has just received an October 22 letter from Assistant State's Attorney Helen Gibbons enclosing the required printout.[2] With Casiano not having been booked at the Cook County Jail ("County Jail") until February 3 of this year, only a two-month period before this action was filed is involved, rather than the six-month period contemplated by Section 1915(a)(2). During that two-month period the average monthly deposits to Casiano's trust fund account amounted to $156.50, 20% of which is $31.30 (both of those amounts are the relevant numbers for purposes of Section 1915(b)(1)). Accordingly the Application is granted to the extent that Casiano need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments.

Casiano is therefore assessed that initial partial payment of $31.30, and the trust fund officer at Sheridan Correctional Center ("Sheridan," where Casiano is now in custody) is ordered to collect that amount from Casiano's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court

---

[2] This Court should not be misunderstood as ascribing any of the delay to ASA Gibbons--no doubt the delinquency in treatment is attributable to the administrative personnel at the County Jail.

219 South Dearborn Street
Chicago IL 60604

Attention: Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Casiano's name and the 13 C 2722 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the Sheridan trust fund officer.

After such initial payment, the trust fund officer at Sheridan (or at any other correctional facility where Casiano may hereafter be confined) is authorized to collect monthly payments from Casiano's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 23, 2013